ONE MANHATTAN WEST
NEW YORK, NY 10001

—

TEL: (212) 735-3000
FAX: (212) 735-2000

EMAIL ADDRESS
DOUGLAS.NEMEC@PROBONOLAW.COM

May 19, 2021

**FILED VIA ECF**
Hon. Margo K. Brodie
Hon. Ramon E. Reyes, Jr.
U.S. Federal Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                    RE:    Opposition to Defendants' Motion for Additional 61-Day Extension of Time to Respond to the Complaint in *Jewish Educational Media v. Mendel Mintz et al.*, Case No. 1:21-cv-00978-MKB-RER

Dear Judges Brodie and Reyes,

       We write on behalf of Plaintiff Jewish Educational Media ("JEM") to oppose Defendants' May 13 request (ECF No. 10) for an additional 61 days to respond to the Complaint, which was filed by JEM *nearly three months ago* and concerns Defendants' ongoing and irreparably damaging infringement of JEM's intellectual property. As Defendants acknowledge, JEM already has consented to two prior requests for extensions, granting Defendants over two months of additional time to get underneath the allegations and respond to them. It is surprising and disconcerting to JEM that Defendants would request *any* additional time to do so, let alone another two full months. Nevertheless, insofar as Defendants have informed the Court that they are not prepared to respond by the current deadline, JEM would not object to an additional *three-week* extension of time, such that a response would be due on June 9, 2021. An additional three weeks is more than sufficient, and Defendants' stated rationales for requesting more time cannot withstand scrutiny. We address each in turn.

       *First*, Defendants contend that they have been unable to respond to the Complaint because they have focused their efforts principally on settlement negotiations. But if that is the case, it is a dilemma entirely of Defendants' own making. Indeed, when JEM consented to the second extension of time to respond to the Complaint, the undersigned counsel expressly informed Defendants' counsel as follows:

> We are prepared to grant one more extension of time in order to continue the settlement discussion. **In order to manage expectations on your end I do need to make clear that our client is not inclined to grant any further extensions beyond this one**.

Hon. Margo K. Brodie
Hon. Ramon E. Reyes, Jr.
United States Federal Court for the Eastern District of New York
May 19, 2021

(Email from Douglas Nemec to E. David Smith, April 14, 2021, as attached) (emphasis added). As this communication demonstrates, Defendants' contention that "the second extension of time was entered into on the same understanding" that Defendants "would be using the 30 days solely to focus on settling the matter and would not be preparing an answer or motion" is patently false. To the contrary, JEM has made it clear all along that it is willing to make reasonable accommodations but that it is important to move this case forward expeditiously in light of the continuing infringement by Defendants. Defendants, not JEM, should bear the consequences of Defendants' unilateral choice as to how to focus their efforts.

*Second*, Defendants contend that they "operate an unincorporated not-for-profit and have limited personal financial resources." But even if the Defendants' financial status could justify a request for nearly *five months* to respond to a pleading—and it cannot—the assertion is too vague and unsupported for JEM or the Court to understand its import. JEM (itself a non-profit entity) does not know what Defendants mean or to what entity they refer by an "unincorporated not-for-profit."[1] Counsel refers to "cost of litigation," but it is not clear what such costs would actually be incurred by Defendants; JEM does not know, for example, whether counsel of record (or any other legal personnel that may be assisting Defendants) are representing them *pro bono*. In short, without further elaboration, Defendants' reference to their "personal financial" situation cannot support their request.

*Third*, Defendants suggest that an additional 61 days is appropriate because this case purportedly "presents complex matters" such as issues of "copyright ownership" concerning a variety of materials that JEM has alleged have been infringed by Defendants. Yet the concerns that Defendants purport to need to investigate—"dates of composition, dates of publications, whether valid copyright notices were in place and the chain of title of these items"—are hardly atypical in copyright cases, and further present fact issues that Defendants would seek to develop in discovery, not *en masse* at the pleading stage. JEM's Complaint meticulously lays out the copyrighted works at issue and refers to the accompanying copyright registrations, which constitute evidence of copyright ownership. Although JEM believes that the infringement in this case by Defendants is extremely straightforward—and that Defendants' attacks on JEM's copyright ownership are speculative, at best—if Defendants have a legitimate basis to doubt ownership, they are free to deny JEM's allegations in their Answer. At all events, the time that already has passed since the Complaint was filed, plus an additional three weeks, is sufficient time to conduct any necessary "investigation."

*Fourth*, Defendants refer to having focused efforts on potential arbitral proceedings between the parties before the Beis Din rabbinical court. As discussed above, Defendants' failure to attend to upcoming deadlines in *this* federal proceeding are a result of their own

---

[1] JEM respectfully suggests that the parties and the Court would benefit substantially from clarification by the Defendants about the ownership, financial backing, and operation of the RebbeDrive platform(s) and/or other platforms that display, perform, or disseminate works in which JEM claims ownership.

Hon. Margo K. Brodie
Hon. Ramon E. Reyes, Jr.
United States Federal Court for the Eastern District of New York
May 19, 2021

strategic choices. But JEM is constrained to note that it is simply not true that JEM "represented to the Beis Din that . . . even if settlement negotiations were not successful, [JEM] would not proceed with this matter in [federal court]." As counsel is aware, JEM expressly informed the Beis Din rabbinical court that JEM was not foreclosing the possibility of "continu[ing] litigation," particularly given a prior order from that body permitting JEM to file a federal action.[2]

As Defendants recognize, JEM believes that Defendants' infringement has been occurring for years, and continues to this very day, creating ongoing irreparable harm. *See Pearson Educ., Inc. v. Vergara*, No. 1:09-CV-06832, 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010), *report and recommendation adopted*, No. 1:09-CV-06832 (S.D.N.Y. May 12, 2011) (finding that a plaintiff suffered irreparable harm where "[n]o evidence exists in the record to suggest that [the defendant] has or will stop copying and selling the plaintiffs' [works].") Indeed, as noted in the Complaint, JEM believes that Defendants have repeatedly flaunted their infringing activities and belittled JEM's concerns. (*See, e.g.,* ECF No. 1, ¶ 56 (describing Defendants' taunting reference to JEM's former counsel). While JEM nevertheless has engaged in good faith efforts to resolve the dispute, we agree with Defendants' counsel that those efforts appear to have stalled. Without limiting the parties' ability to continue or revisit negotiations of an amicable resolution, it is time to move this case forward and limit further prejudice to JEM from additional delay.

For the foregoing reasons, we respectfully submit that the Court should deny Defendants' motion for an additional 61-day extension to respond to the Complaint and, if the Court is inclined to grant any extension, limit such extension to three weeks.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ Douglas R. Nemec

Douglas R. Nemec
One Manhattan West
New York, NY 10001-8602
(212) 735-3000
douglas.nemec@probonolaw.com

*Attorneys for Plaintiff Jewish Educational Media, Inc.*

---

[2] JEM strongly disagrees with Defendants' suggestion that this litigation in any way "violate[s] . . . Jewish law." But that question, of course, is not (and will not be) at issue before this Court.

# Nemec, Douglas R (NYC)

| | |
|---|---|
| **From:** | Nemec, Douglas R (NYC) |
| **Sent:** | Wednesday, April 14, 2021 11:46 AM |
| **To:** | 'E. David Smith' |
| **Cc:** | Gimelstein, Shelli (NYC); Feirman, Jordan (NYC) |
| **Subject:** | RE: [Ext] Re: JEM v. Mintz and Butler |
| **Attachments:** | NYCSR03A-#2030750-v1-JEM_Second_Stipulation_Extension_of_Time.DOCX |

Dear David,

Thank you for your letter. We appreciate your proposals and will respond in due course once we have had an opportunity to discuss with our client.

We are prepared to grant one more extension of time in order to continue the settlement discussion. In order to manage expectations on your end I do need to make clear that our client is not inclined to grant any further extensions beyond this one.

We have attached a draft stipulation for your review. In the stipulation we've set the new deadline for May 17, but if that causes you any concern in view of Shavuot we are open to pushing back to May 18 or 19.

Regards,

Doug

---

**From:** E. David Smith <edsmith@edslaw.net>
**Sent:** Tuesday, April 13, 2021 5:03 PM
**To:** Nemec, Douglas R (NYC) <Douglas.Nemec@skadden.com>
**Cc:** Gimelstein, Shelli (NYC) <Shelli.Gimelstein@skadden.com>; Feirman, Jordan (NYC) <Jordan.Feirman@skadden.com>
**Subject:** [Ext] Re: JEM v. Mintz and Butler

B"H

Please see attached letter.

E. David Smith, Esq.
## Smith & Associates
## Solving Complex Legal Matters for Smart Business People

## Legal Advisors with the Wisdom and Commitment You Need

570 Lexington Avenue, 23rd Floor
New York, New York 10022
Telephone: (212) 661-7010