# SMITH & ASSOCIATES

ATTORNEYS AT LAW

| | |
|---|---|
| *400 Broadacres Drive, Suite 260* | *570 Lexington Avenue, 23rd Floor* |
| *Bloomfield, New Jersey 07003* | *New York, New York 10022* |
| *(973) 365–2770 • Fax (866) 882–7256* | *(212) 661–7010* |
| *www.edslaw.net • attorneys@edslaw.net* | *Fax (866) 882–7256* |

June 25, 2021

**VIA ECF FILING**

Hon. Margo K. Brodie, Chief Judge
United States Federal Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Jewish Educational Media ("JEM") vs. Mintz, et al.*, **1:21-cv-00978-MKB-TAM**

Dear Judge Brodie:

This firm represents Defendants and pursuant to your Honor's Individual Practices and Rules, we write to request a pre-motion conference in advance of filing a motion to dismiss.

*Preliminary Statement.* The Lubavitcher Rebbe articulated and transmitted thousands of years of Divine Wisdom intending that it be an inheritance for all people and a light to the world. His legacy constitutes Torah in the broadest sense, a term that embraces not only words of wisdom but the details of the conduct of the righteous throughout the ages. Torah teachings are replete with examples of students studying the minute details of the actions of their teachers, for from the behavior of the righteous one learns more in the service of G-d than from their words alone. Thus, the Rebbe's Torah includes his voice, his mannerisms and his facial expressions which have been preserved for the benefit of all in audio recordings, video recordings and photographs.

Plaintiff has engaged in a long-standing campaign to misuse United States Copyright law to seize control of these records of the Rebbe's Torah, keep them in private archives, erect a pay-wall for those who can afford to access a small portion of the archive and have sole discretion as to what is available to the public. This violates the Rebbe's commitment to open access to his Torah teachings in keeping with the general Jewish law position that Torah teachings belong to all.

In contrast to Plaintiff, Defendants have made it their mission to make every single recording of the Rebbe fully and freely available to the entire public in its intact original, raw format. Everyone is encouraged to visit RebbeDrive.com and access the Rebbe's Torah—free of charge.

*Forum.* The Defendants respect the United States Court system. At the same time, the proper forum for this particular dispute is Rabbinic Court (Beis Din). Defendants have made every effort to proceed in Beis Din but Plaintiff has failed to appear without pre-conditions. Defendants have

LEGAL ADVISORS WITH THE WISDOM AND COMMITMENT YOU NEED

also earnestly sought to settle, but Plaintiff has misread Defendants' eagerness as weakness and made increasingly extreme demands. Plaintiff has refused to stay this action pending binding arbitration before Beis Din and Defendants now have no choice but to respond in this Court.

***Summary of Allegations.*** Plaintiff JEM is a non-profit corporation that produces and broadcasts multimedia of the Rebbe. (Compl. ¶ 21). JEM is one of numerous individuals and groups that seek to share the legacy of the Rebbe. (*Id*. ¶ 4). JEM produces edited documentary and other films, and, in parallel with RebbeDrive's public database, maintains a private archive of raw, unedited video, and thousands of photographs. Most of the works in JEM's archives were originally created by third parties, from some of whom JEM alleges it acquired copyrights. (*Id.* ¶ 35). The Complaint lists 418 copyright registrations to video and audio recordings and photographs, some registered to JEM, others registered only to an Elkanah Shmotkin. (Compl. Exh. 1).

Defendants operate a free public online database, RebbeDrive, containing photographs and audio and visual recordings of the Rebbe. (Compl. ¶ 48). Plaintiff admits that by 2016 it was fully aware of the operations of RebbeDrive, (Compl. ¶ 49), and alleges that Defendants uploaded JEM's allegedly copyrighted photographs and video footage of the Rebbe to RebbeDrive. Plaintiff asserts claims of copyright infringement, federal trademark infringement, and other causes of action.

***JEM's claims of copyright infringement as to copyrights registered to Elkanah Shmotkin should be dismissed under F.R.Civ.P. Rule 12(b)(6) for lack of standing.*** JEM asserts not its own legal rights and interests, but the rights of Shmotkin. *See* Compl., Exh. 1 at 26 – 28 (listing Registration Nos. 393 – 401 and 405 – 418 and identifying Shmotkin as the "Owner/Claimant" of the work). The Copyright Act specifically provides that "[t]he *legal or beneficial owner* of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501 (emphasis added). JEM lacks the requisite statutory standing to sue on behalf of Shmotkin, and those claims must be dismissed.

***Claims of copyright infringement as to unregistered works must be dismissed.*** Plaintiff refers to works not yet registered. (Compl. ¶¶ 2, 40, 72). The Supreme Court has ruled that 17 U.S.C. § 411(a) bars suit for infringement until registration is completed. *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881 (2019). Those claims must be dismissed.

***Claims of copyright infringement based on acts that occurred prior to February 23, 2018, are barred by the statute of limitations.*** Plaintiff admits it was aware of the Defendants' alleged uploading in 2016. (Compl. ¶ 49). and had actual knowledge of the alleged infringement no later than July 4, 2016. (Compl. ¶ 59). The statute of limitations for copyright infringement claims is three years. 17 U.S.C. § 507(b). Plaintiff instituted this action on February 23, 2021; thus, any claims that Defendants infringed Plaintiff's works accruing on or prior to February 23, 2018 are barred by the three-year statute of limitations. Plaintiff's listing of allegedly "Infringed Works" in Exhibit 2 of the Complaint were allegedly uploaded in 2016. Those claims must be dismissed.

***Plaintiff's claims fail because the alleged use is a fair use.*** Defendants' actions qualify as fair use. The fair use determination assesses: (1) the purpose and character of the use, (2) the nature

of the copyrighted work, (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and (4) the effect of the use upon the potential market or value of copyrighted work. 17 U.S.C. § 107. Here that standard is met: (1) RebbeDrive's use is nonprofit and educational—which is reflective of the Rebbe's intended character and purpose for these materials—and not a commercial purpose, *TCA TV Corp. v. McCollum*, 839 F.3d 168, 183 (2d. Cir. 2016); (2) the works are photographs and recordings that were intended in the first place for great dissemination, akin to facts rather than fiction or fantasy. *Id.;* (3) the purpose of use, conveying the Rebbe and his teachings to the masses, justifies the amount and substantiality of the portion used; and (4) RebbeDrive does not compete with JEM nor create a market substitute for JEM's produced videos; instead RebbeDrive makes raw, unedited recordings available to the public, which were all intended to be freely and publicly available at all times. Because all four factors favor a finding of fair use, plaintiff's copyright infringement claims must fail.

***Plaintiff fails to plead a cause of action under the Lanham Act.*** 15 U.S.C. §1114 may apply where a defendant reproduces, counterfeits, copies or colorably imitates a registered mark. Instead, Plaintiff alleges that Defendants used the registered mark intact in posting what Plaintiff alleges are Plaintiff's own videos. (Compl. ¶ 57). Furthermore, the Court should find that, as a matter of law, Defendants merely posting Plaintiff's video with Plaintiff's trademark on Defendants' YouTube Channel or storing it on a GoogleDrive folder controlled by Defendants cannot constitute a violation under 15 U.S.C. §1125.

***Plaintiff's unfair competition should be dismissed for lack of subject matter jurisdiction.*** Defendants seek the dismissal of the federal claims that vest subject matter jurisdiction in this court. With their dismissal, the state unfair competition claim will be the only remaining cause of action and there is no remaining basis for jurisdiction.

For the foregoing reasons, Defendants respectfully seeks a conference to set a briefing schedule for its motion to dismiss.

                                                                                     Respectfully submitted,

                                                                                     E. David Smith, Esq.

cc.       Douglas Nemec, Esq., Counsel for Plaintiff, via ECF
           David Nimmer, Esq., Co-Counsel for Defendants, via email