ONE MANHATTAN WEST
42ND FLOOR
NEW YORK, NY 10001

DIRECT DIAL
(212) 735-3067
DIRECT FAX
(917) 777-3067
EMAIL ADDRESS
JORDAN.FEIRMAN@PROBONOLAW.COM

July 2, 2021

**BY ECF**
The Honorable Margo K. Brodie, Chief Judge
United States Federal Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        RE:    *Jewish Educational Media, Inc. v. Mintz & Butler,*
                  No. 1:21-cv-00978 (MKB) (TAM) (E.D.N.Y. 2021)

Dear Chief Judge Brodie:

      We write on behalf of Plaintiff Jewish Educational Media, Inc. ("JEM") in response to Defendants' June 25 letter requesting a pre-motion conference concerning a proposed Rule 12 motion to dismiss (ECF No. 15). As detailed below, any such motion would be meritless for a host of reasons, and thus motion practice would be an extremely inefficient use of the parties' and the Court's resources.

      In its Complaint (ECF No. 1), JEM has set forth detailed allegations concerning, *inter alia*: its creation, acquisition, and ownership of hundreds of copyrighted works; its tremendous investment of time and money to build and maintain its collections; the importance of its licensing activity (and conditions on license grants) to its continuing non-profit mission and viability; and Defendants' ongoing and flagrant infringement activities. Notwithstanding their selective, self-serving, and ultimately irrelevant mischaracterization of the background,[1] Defendants do not challenge those allegations.

      Instead, Defendants raise a handful of challenges that (a) are premised on *factual* issues that—even if they were dispositive of JEM's claims (which JEM disputes)—are not appropriate to resolve at the pleading stage, and (b) target only subsets of the causes of action or the infringed works at issue, and thus could not possibly result in dismissal of the

---

[1] It is unclear why Defendants' counsel felt it appropriate (or relevant) to inform the Court about Defendants' supposed "earnest[ ]" efforts to settle the matter and to attack purported "demands" by JEM as part of confidential settlement discussions. Needless to say, JEM vigorously disagrees with counsel's characterization of those discussions.

Hon. Margo K. Brodie
July 2, 2021

entire action. Defendants also appear to misunderstand the nature of JEM's allegations and the applicable case law.

**There Are No Copyright Infringement Claims Concerning "Unregistered" Works:** Defendants contend that claims based on JEM works that have yet to be registered must be dismissed, but no such claims have been asserted. In addition to 418 registered works, the Complaint identifies other works that are currently the subject of pending applications, for which JEM "*reserves the right to include* [in the lawsuit] *once they have been registered.*" (ECF No. 1, ¶ 72 (emphasis added).) Accordingly, the Complaint may be amended once the registrations have issued. *See, e.g., Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 304 n.4 (S.D.N.Y. Jan. 31, 2017) (finding plaintiff "properly amended its complaint after the [registration] was issued").

**Copyrights Registered to Rabbi Elkanah Shmotkin:** Out of the 62 registrations encompassing works that JEM already has identified as being infringed (with more likely to be identified via discovery, as noted in ¶ 72 of the Complaint), Defendants identify a small subset for which the registration lists Rabbi Elkanah Shmotkin, JEM's executive director, as the sole "Owner/Claimant." This was the result of a mere clerical error that is in the process of being corrected and will be reflected in any subsequent amendments to JEM's Complaint. At all events, that the registrations list Rabbi Shmotkin does not disprove the allegation that JEM is a valid copyright owner with standing to bring suit.

**The "Fair Use" Argument Is Conclusory and, At Most, Presents Questions of Fact**: It is well-established that "fair use" typically is not susceptible to resolution at the pleading stage. *See Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) ("Because fair use is an affirmative defense, it often requires consideration of facts outside of the complaint and thus is inappropriate to resolve on a motion to dismiss."). While Defendants' sweeping contention that every one of their misappropriations necessarily constitutes a fair use is patently unreasonable, their letter confirms the numerous fact questions on which Defendants' arguments would rely. Defendants refer, for example, to multiple issues of *intent* (*e.g.*, the "*intended* character and purpose" of materials), the "market" for JEM's videos and whether Defendants' platform "compete[s]" with it, and the purported "justifi[cation]" for "the amount and substantiality of the portion used" of JEM's works. (ECF No. 15). Defendants do not explain how they could possibly at this stage present a record on which the Court could conclude that their infringement is protected by fair use.

**Any Statute of Limitations Argument Would Concern Only Some Of The Infringing Activity, and Further Presents Fact Questions:** Defendants ignore that their infringement is continuous, ongoing, and repeated. Causes of action accrue upon each separate act of infringement—*e.g.*, any time a JEM work is reproduced, displayed, or distributed via Defendants' platform. *See Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) (noting that "an infringement action may be commenced within three years of *any* infringing act, regardless of any prior acts of infringement"); *Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992) ("Each act of infringement is a distinct harm giving rise to an independent claim for relief.").

Hon. Margo K. Brodie
July 2, 2021

      The Complaint points to specific instances where Defendants have engaged in infringing conduct within the statute of limitations period (ECF No. 1, ¶ 57), and asserts that Defendants continue to post unauthorized content on an ongoing basis. (*Id.*, ¶ 66). These allegations are more than enough to survive a motion to dismiss. *See, e.g.*, *Fischer v. Forrest*, No. 14 Civ. 1304, 2017 WL 128705, at *7 (S.D.N.Y. Jan. 13, 2017), *report and recommendation adopted*, 2017 WL 1063464 (S.D.N.Y. Mar. 21, 2017) (denying motion to dismiss copyright claims because complaint plausibly alleged that infringement, which started four years prior to filing, was the beginning of a longer course of action, including Defendants' continued refusal to stop displaying the copyrighted works online).

      **Defendants Mischaracterize the Lanham Act Claims:** JEM cannot discern the precise legal argument Defendants are advancing to seek dismissal of the Lanham Act claims of trademark infringement and false association. Regardless of what their argument may be, it apparently is based on a false premise that JEM alleges only that "Defendants used the registered [JEM] mark intact in posting" videos. (*See* ECF No. 15 at 3.) That is not true. The Complaint includes allegations concerning Defendants' supplanting of the JEM trademark with Defendants' own logo, as well as incorporating the JEM trademark into Defendants' own posts (*e.g.*, ECF No. 1, ¶¶ 6-7, 50, 57, 79, 85). Moreover, even as to that subset of uses of the JEM trademark on videos posted to YouTube or GoogleDrive to which Defendants now apparently refer, there is a fact question regarding whether Defendants' use creates confusion by falsely suggesting that JEM sponsors, endorses, or approves of Defendants' posts.[2]

*    *    *    *

      For the reasons detailed above, even if the parties are directed to engage in formal motion practice on any or all of the aforementioned issues, Defendants not only are unlikely to succeed, but it is not possible for the entire action to be dismissed. Accordingly, JEM anticipates that discovery shall commence promptly in accordance with the Federal Rules of Civil Procedure.

      We thank the Court for its time and attention to this matter.

                                     Respectfully submitted,

                                       /s Jordan A. Feirman

---

[2]    We note that JEM also has asserted a separate, non-Lanham Act cause of action based on Defendants' stripping of copyright management information from JEM's copyrighted works. Defendants do not suggest that they are seeking to dismiss that cause of action, nor would any such motion have any merit.