# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
      :
JEWISH EDUCATIONAL MEDIA, INC.,    :    No. 1:21-cv-00978-MKB-TAM
      :
         Plaintiff,    :    **RULE 26(f) MEETING REPORT**
      :    **AND DISCOVERY PLAN**
         v.    :
      :
MENDEL MINTZ AND SHMULY BUTLER,    :
      :
         Defendants.    :
      :
      :
      :
      :
------------------------------------------------------------ X

Pursuant to Fed. R. Civ. P. 26(f)(1), counsel for Plaintiff and Defendants (collectively, "the Parties") conducted the required conference of the parties on July 15, 2021. Pursuant to Fed. R. Civ. P. 26(f)(3), the Parties hereby present the following with respect to a discovery plan and state their views and proposals thereon:

**(A)**     **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosure will be made:**

The Parties do not believe this case warrants any changes in the disclosures required under Fed. R. Civ. P. 26(a).

The Parties agreed in writing to exchange their initial disclosures required under Fed. R. Civ. P. 26(a) on or before August 5, 2021.

Initial disclosures have been exchanged.[1]

---

[1]     Additional details concerning the actual timing and content of the disclosures are set forth in the parties' position statements below.

**(B)** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

**Plaintiff's Statement:**

At this time, Plaintiff anticipates conducting discovery on at least the following subjects: (1) Defendants' access to and uses of Plaintiff's copyrighted works; (2) ownership and control of the RebbeDrive website and application, and any other media on which Defendants or affiliated persons or entities have reproduced, displayed, performed, or disseminated Plaintiff's works without authorization; (3) Defendants' responses and conduct when informed of their unauthorized use of copyrighted works; including Defendants' willful infringement; and (4) damages.

On August 17, 2021—following Defendants' failure to comply with the parties' agreed-upon August 5 deadline for Rule 26(a) disclosures,[2] and over two weeks after Plaintiff provided Defendants with drafts of both this Rule 26(f) Report and a draft of a Protective Order but received no edits to or comments on either document—Plaintiff served initial discovery requests on Defendants. While reserving all rights, Plaintiff acknowledged Defendants' concerns about the scope of discovery (discussed *infra*) and therefore limited its initial requests to narrowly targeted requests for production of documents and interrogatories.

Defendants have informed Plaintiff that they intend to oppose discovery during the pendency of the forthcoming motion to dismiss. Although Plaintiff disagrees that discovery should be stayed—and further believes that much of the discovery that Defendants have

---

[2]   As set forth in the parties' written agreement, Plaintiff served its initial disclosures on August 5, but on that date counsel for Defendants informed Plaintiff that: (i) Defendants would not be able to comply with the deadline; and (ii) counsel was leaving for vacation that day. On the evening of Sunday, August 22, counsel for Defendants informed Plaintiff that the disclosures would be served on August 24.

suggested they will seek is irrelevant, speculative, and intended to create the impression of far

more burdensome discovery than is actually warranted in this case—Plaintiff has suggested that

the parties discuss (a) bifurcation of the matter into liability and damages phases, and (b)

negotiating in good faith a timeline such that certain discovery can be obtained during the several

month period that the parties brief the motion to dismiss and the Court has time to rule on such

motion, while other discovery that touches on issues that Defendants argue are more implicated

by the dispositive motion can be addressed subsequently. Defendants have not agreed to either

proposal.  As noted, however, Plaintiff reasonably limited its initial discovery requests in a good

faith attempt to address Defendants' concerns.

Defendants also have suggested that if Plaintiff seeks discovery, Defendants will object

and Plaintiff will be forced to move to compel.  Plaintiff respectfully suggests that Defendants

have it backward; authorities are clear that the burden is on Defendants to move to stay

discovery, and absent the Court granting such motion discovery moves forward**.** *See, e.g.*,

*Mulligan v. Long Island Univ.,* No. 18-CV-2885, 2018 U.S. Dist. LEXIS 225227, at \*2

(E.D.N.Y. Dec. 13, 2018) ("[L]itigants are not entitled to an automatic stay of discovery pending

the determination of a motion to dismiss.") (quoting *Kanowitz v. Broadridge Fin. Sols., Inc.*, No.

13-CV-649, 2014 U.S. Dist. LEXIS 46518 (E.D.N.Y. Mar. 31, 2014)); *Billups v. West*, 1997 WL

100798, at \*3 (S.D.N.Y. Mar. 6, 1997) ("[U]nless and until it is granted a stay, defendant should

be required to conduct discovery as if no motion had been filed at all.") (quoting *Willemijn*

*Houdstermaatschaapij BV v. Apollo Computer, Inc*., 707 F.Supp. 1429, 1441 (D.Del. 1989)).  In

that regard, to the extent that Defendants intend to object to Plaintiff's discovery requests, they

should move to stay promptly rather than delay matters even further than they have already been

by Defendants' failure to comply with agreed-upon deadlines (particularly after Plaintiff consented to multiple extensions of Defendants' time to respond to the Complaint).

At all events, Plaintiff proposed to Defendants a discovery plan that would include the following, and despite Defendants' unreasonable delays to date, Plaintiff continues to believe it is a reasonable schedule:

- Fact depositions complete by Thursday, November 18;

- Fact discovery substantially complete by Thursday, December 16;

- JEM may amend the Complaint without leave of Court on or before Thursday, December 23;

- Dispositive motions filed by Thursday, February 10, 2022 (Parties to inform each other of intent to make any such filing and agree on briefing schedule reasonably in advance of this date).

- If no dispositive motions are filed, parties to submit Joint Pretrial Order by Monday, February 14, 2022.

Notwithstanding its objection to any discovery, the initial disclosures that Defendants (belatedly) served on August 24: (i) state that they "do not contemplate using any of the documents in their possession, custody, or control to support their claims or defenses in this matter;" and (ii) list *thirty-seven (37)* separate individuals that Defendants claim "are likely to have discoverable information that they may use to support their claims or defenses," all of whom are described as having knowledge concerning the exact same subjects, such as the "circumstances, history, subject, chain of title" and purported "ecclesiastical doctrines" of the copyrighted works at issue.

Plaintiff cannot help but doubt the validity and legitimacy of Defendants' lengthy list, and reserves all rights to object to any attempt to engage in such fishing expeditions and other unduly burdensome discovery. In addition, Defendants' claim that they have no intention of relying on *any* documents in their possession, custody, or control simply cannot be reconciled with the defenses they already have indicated that they intend to raise. At minimum, this odd disclosure evidences—as Plaintiff has long suspected—the putative defenses are quite speculative and the discovery Defendants will seek in connection therewith will fall well beyond the scope and limits of discovery set forth in Rule 26(b)(1).

**Defendants' Statement:**

A motion to dismiss Plaintiff's entire complaint is currently pending before the Court. To establish a discovery schedule or conduct discovery prior to the resolution of that motion and the filing of an Answer – including conducting the limited discovery Plaintiff has proposed – would be improper, premature and wasteful of the parties' and this Court's resources. Defendants voiced these concerns at the Rule 26(f) conference in this case, held on July 15, 2021, and more expansively by letter to counsel for Plaintiff dated July 26, 2021.

Notwithstanding Plaintiff's contention to the contrary, Defendants never "suggested that if Plaintiff seeks discovery, Defendants will object and Plaintiff will be forced to move to compel." Rather, by virtue of the July 26, 2021 letter, Defendants have *already* objected to the parties conducting discovery prior to the resolution of the motion to dismiss, and in fact, voicing that objection was the entire purpose of the July 26 letter. Defendants consequently "suggested" that if Plaintiff were to proceed with serving the premature discovery, it would likely be accompanied by a motion to compel – given Plaintiff's foreknowledge of Defendants' objections to the discovery– and that any such motion would be responded to by an opposition and motion

for a protective order.  Ultimately, Plaintiff served the premature discovery without any

accompanying motion to compel (and yet decries all the 'unreasonable delays' by Defendants in

this case) and so Defendants intend to address the improper discovery in a manner consistent

with the Federal Rules of Civil Procedure.

Defendant seeks dismissal of the entire complaint.  Short of a dismissal of the entire

complaint and depending on what issues remain after the resolution of the motion to dismiss,

Defendants expect to conduct discovery on any or all of the following subjects, without

limitation to other issues necessary for a defense and potential counterclaims: (1) the Rebbe's

desire, in accordance with Torah doctrine, for all of his lectures and teachings to be disseminated

as widely as possible and not be the subject of copyright or any other obstacle that would hinder

that desire, and that in any event copyright should not be used as a weapon to control the who,

what, when and where of access to the Rebbe's Torah; (2) JEM's efforts worldwide to subvert

the Rebbe's desire to disseminate his lectures and teachings as widely as possible for its own

financial benefit; (3) JEM's misrepresentations to the public and donors about its intentions and

purposes in archiving and manipulating the Rebbe's work  (4) the chain of title for and JEM's

rights as to each and every purported work at issue in this case; (5) JEM's abandonment of its

allegedly copyrighted works to the public domain, including the publication history, of the audio,

visual and photographic works that are at issue in this case; (6) RebbeDrive's fair use of the

works; (7) evidence of JEM's abuse of copyright; (8) the circumstances under which property of

JEM, a New York non-profit was diverted to the private ownership of an individual and then

made the subject of this litigation; and (9) impeachment evidence.

Plaintiff's suspicion that the discovery Defendants will seek "will fall well beyond the

scope and limits of discovery set forth in Rule 26(b)" is nothing more than Plaintiff's wishful

thinking. As daunting is it may appear, and as threatening as it is to Plaintiff's reputation, the discovery that will be sought from the witnesses listed on Defendants' initial disclosures goes to very heart of this dispute.

Given that discovery is premature and improper at this time, there is no basis upon which to propose a schedule for discovery benchmarks, dispositive motions and pre-trial submissions.

**(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

**<u>Plaintiff's Statement:</u>**

Plaintiff expects that Defendants store and maintain crucial information related to this case electronically, including information related to the scope of uses made of each copyrighted work by Defendants and relevant communications bearing on the claims, defenses, and damages. Plaintiff thus requests that any charts, spreadsheets, or other similar electronic records be produced in native electronic format, and that all discovery be produced in text/word searchable format.

**<u>Defendants' Statement:</u>**

Should discovery be necessary in this case, Defendants anticipate that they will accommodate Plaintiff's request with respect to any charts or spreadsheets they are required to produce under applicable law, to the extent doing so will not impose an undue burden or unreasonable expense on Defendants. Defendants are unable to address Plaintiff's request with respect to "other similar electronic records" as that phrase is too vague and ambiguous.

Defendants request that all discovery be produced in text/word searchable format.

**(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including whether to ask the court to include their agreement in an order:**

**Plaintiff's Statement:**

Plaintiff informed Defendants at the July 15 Rule 26(f) conference that it would provide a draft of a Stipulated Protective Order to address confidential materials produced in the course of the litigation, and further that Plaintiff aims to have such an Order in place shortly after the exchange of Rule 26(a) disclosures so that confidential materials can be produced in connection with such disclosures. Plaintiff provided the draft Protective Order on July 28 (and on July 30 provided a draft of this Rule 26(f) report for Defendants to complete).

On August 5, counsel for Defendants informed Plaintiff that he had "not yet read" the Protective Order but that he could do so after his return from vacation. On the evening of Sunday, August 22—*25 days after receiving Plaintiff's draft*—counsel for Defendants informed counsel for Plaintiff that Defendants "would not be replying with edits" to the draft, as in Defendants' view the "great public interest" in the case and Plaintiff's non-profit status meant that no Protective Order should issue. Defendants did not cite any authority in support of this position, and Plaintiff believes that this belated opposition to a Protective Order in any form whatsoever is yet another dilatory tactic by Defendants.

The Parties have agreed that communications with their respective Rabbinical representatives before the Beis Din Vaad Rabbonei Lubavitch Rabbinical court in connection with the dispute between these same Parties shall be considered exempt from discovery requests.

To the extent that other concerns arise about particular materials that the Parties believe may require additional stipulations or arrangements, the Parties shall confer in good faith.

**Defendants' Statement:**

Plaintiff has yet to meet its burden of showing good cause for why a protective order should issue in this case, and Defendants are not willing to simply consent to one without an obligation to do so given the great public interest in this case. Defendants further believe that ironing out any potential issues regarding what documents warrant a protective order and what the nature of the protections should be is premature at this stage in the litigation given the pending motion to dismiss to entire complaint. To the extent any such issues exist after the resolution of the motion to dismiss and an Answer, if necessary, is filed, the Parties shall confer regarding those issues in good faith.

Defendants' agreement as to exempting from discovery communication by the parties with their respective Rabbinic representatives only applies to Rabbi Sholom Shuchat for Plaintiff and Rabbi Moshe Lieberman for Defendants.

**(E)      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

**Plaintiff's Statement:**

For the reasons discussed above, Plaintiff does not agree that any changes need to be made to the default scope of discovery as set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. Defendants' suggestion that it is necessary to seek discovery from the *37* witnesses on their "preliminary list"—let alone expand the "length" of their depositions— is unreasonable on its face.

**Defendants' Statement:**

Defendants has prepared a preliminary list of 37 witnesses who are directly familiar with the over seventy-one-year history of the individuals and works that are the subject of this

litigation, and Defendants expect to seek relief from limitations on the number and length of

depositions.


 Respectfully submitted,


   /s Douglas R. Nemec                   /s E. David Smith          
Douglas R. Nemec                          E. David Smith
Douglas.Nemec@probonolaw.com         edsmith@edslaw.net
Jordan A. Feirman                        SMITH & ASSOCIATES
Jordan.Feirman@probonolaw.com         570 Lexington Avenue, 23rd Floor
One Manhattan West                     New York, New York 10022
David M. Lamb                           Telephone:  (212) 661-7010
David.Lamb@probonolaw.com
New York, New York 10001               *Attorney for Defendants*
Telephone:  (212) 735-3000             *Mendel Mintz and Shmuly Butler*


*Attorneys for Plaintiff*
*Jewish Educational Media, Inc.*


Dated: August 27, 2021
New York, New York

2087459-NYCSR03A - MSW